IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07–CR–354–B0
No. 5:10–CV–504–B0

| | |
|---|---|
| JAMES MICHAEL PARIS ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on Petitioner's Motion to Vacate under 28 U.S.C. § 2255 and Respondent's Motion to Dismiss. Petitioner's Motion is DENIED and Respondent's Motion is GRANTED.

## BACKGROUND

On December 20, 2007, the grand jury issued an indictment that charged the petitioner in Count One with distributing more than 50 grams of cocaine base, in violation of 21 U.S.C. § 846. Counts Two through Four charged the Petitioner with distributing more than five (5) grams of cocaine base, in violation of 21 U.S.C. 841(a)(1). (D.E. #1).

On January 2, 2008, William W. Webb, Sr., filed a notice of appearance on behalf of the petitioner. (D.E. #8).

On March 4, 2008, the Petitioner, pursuant to a written plea agreement, pleaded guilty to Count One of the indictment. (D.E. #16). On July 24, 2008, the Respondent filed a motion for downward departure under USSG §5K1.1. (D.E. #20). On July 29, 2008, the Court, pursuant to the USSG §5K1.1 motion, sentenced the petitioner to 120 months' imprisonment and five years

of supervised release, ordered the petitioner to pay restitution in the amount of $1,940.00, and imposed a $100 special assessment. The Court entered its judgment on August 5, 2008. (D.E. #21). The Petitioner did not appeal the judgment.

The Petitioner filed the instant motion on November 12, 2010. (D.E. #24). The Petitioner claims his attorney promised that he would only receive a five-year prison sentence based on his cooperation with Respondent. (Pet. 5). The Petitioner further argues that the Respondent should have motioned to reduce his sentence pursuant to Fed. R. Crim. P. 35(b). (Pet. at 5). Moreover, the Petitioner complains that neither his attorney nor the Respondent informed the Court of the "5 year deal." (Pet. at 5). For these reasons, the Petitioner argues he suffered inadequate legal counsel.

## DISCUSSION

The Petitioner's petition is untimely, and the Court accordingly has no jurisdiction to consider its claims.

Under amendments to § 2255 in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year to file a motion challenging his conviction or sentence from "the date on which the judgment became final." United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001).

Here, Petitioner filed his petition on November 22, 2010. (D.E. #26). As Petitioner did not file an appeal, his conviction became final on August 5, 2008—the date of his judgment entry. Thus Petitioner filed his Petition almost two years after final judgment.

Although "equitable tolling" of the one year statute of limitations is a legal possibility, it will only be allowed in "rare instances" that are "due to circumstances external to the

party's own conduct..." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004)(en banc). The Petitioner alleges no such circumstances here.

## CONCLUSION

Petitioner's petition is DISMISSED.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). Because reasonable jurists would not find this dismissal debatable, a certificate of appealability is DENIED.

SO ORDERED, this __12__ day of January, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE